CORRECTED

# In the United States Court of Federal Claims

No. 21-1685C

(Filed: August 19, 2021)

**SERGENT'S MECHANICAL SYSTEMS, INC. d/b/a/ SERGENT CONSTRUCTION,**

***Plaintiff,***

**v.**

**THE UNITED STATES,**

***Defendant.***

**ORDER**

Pending before the Court is Plaintiff's motion for a temporary restraining order and preliminary injunction. ECF Nos. 5–7 ("Motion for TRO/PI"). We begin with first principles regarding this Court's power to issue injunctive relief.

"The jurisdiction of the Court of Federal Claims is defined by the Tucker Act, which gives the court authority to render judgment on certain monetary claims against the United States." *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009). The Tucker Act, 28 U.S.C. § 1491, as amended, contains two subsections relevant to the instant case.

On one hand, § 1491(a) provides this Court with, among other things, "jurisdiction to render judgment upon any claim by or against, or dispute with, a contractor arising under [the Contract Disputes Act], including a dispute concerning termination of a contract . . . and other nonmonetary disputes on which a decision of the contracting officer has been issued under section 6 of that Act." 28 U.S.C. § 1491(a)(2). The plain language of this subsection makes no mention of injunctive relief powers. Quite the contrary, this Court has repeatedly emphasized that it is not authorized to award such relief in § 1491(a) cases. *Todd Constr., L.P. v. United States*, 88 Fed. Cl. 235, 234 (2009), *aff'd on other grounds*, 656 F.3d 1306 (Fed. Cir. 2011) ("The parties correctly agree that, as a general matter, this Court lacks authority to provide injunctive and equitable relief."); *The Davis Grp., Inc. v. United States*, 2012 WL 2686053, *2–*3 (Fed. Cl.

July 6, 2012) ("[I]n the absence of express statutory authority for the Court of Federal Claims to issue injunctions in this circumstance, it is concluded that the court lacks the power to proceed further on plaintiff's motion as the equitable relief sought is unavailable."); *see also* Vernon J. Edwards, *Postscript I: Breach of Loss of the Fair Opportunity to Compete*, 20 No. 12 Nash & Cibinic Rep. ¶ 59 (2006) ("[U]nder the CDA, a board or court cannot suspend award or performance, issue a temporary restraining order, or provide injunctive relief."); Ralph C. Nash & John Cibinic, *Postscript: Nonmonetary Claims*, 19 No. 8 Nash & Cibinic Rep. ¶ 38 (2005) (explaining that "neither the court nor the boards have the power to grant injunctive relief" in CDA cases). The extent of this Court's remand authority in support of a judgment on a monetary claim (or a non-monetary CDA claim) is not at issue here.[1]

On the other hand, § 1491(b) separately provides this Court with "jurisdiction to render judgment on an action by an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement." 28 U.S.C. § 1491(b)(1). Critically, this subsection specifically and explicitly authorizes this Court to "award any relief that the court considers proper, including declaratory and *injunctive relief*" in procurement cases, commonly referred to as bid protests. 28 U.S.C. § 1491(b)(2) (emphasis added). Simply put, while this Court "possesses jurisdiction to entertain both contract-award related protests and contract performance-related claims," *BLR Grp. of Am., Inc. v. United States*, 84 Fed. Cl. 634, 646 (2008), the relief that the Court may afford in such cases is not identical.

Turning back to the facts of this case, Plaintiff, Sergent's Mechanical Systems Inc. d/b/a/ Sergent Construction ("Sergent"), on Thursday, August 12, 2021, filed a complaint against Defendant, the United States, acting by and through the Department of Veterans Affairs ("VA"), pursuant to the CDA, 41 U.S.C. §§ 7101 *et seq.* ECF No. 1. Sergent's complaint contains four counts arising from an alleged contract with the VA. *Id.* at 12–19. Nowhere in the complaint does Sergent contend that these allegations involve a challenge to a pending procurement or to a contract award sufficient to invoke this Court's bid protest jurisdiction pursuant to 28 U.S.C. § 1491(b). Later that

[1] *See* 28 U.S.C. § 1491(a)(2) ("To provide an entire remedy and to complete the relief afforded by the judgment, the court may, as an incident of and collateral to any such judgment, issue orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records, and such orders may be issued to any appropriate official of the United States. In any case within its jurisdiction, the court shall have the power to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just."); *see also Todd Constr., L.P. v. United States*, 656 F.3d 1306, 1311 n.3 (Fed. Cir. 2011).

afternoon, however, Sergent filed a Motion for TRO/PI, relying upon 28 U.S.C. § 1491(b)(2) and *Bilfinger Berger AG Sede Secondaria Italiana v. United States*, 94 Fed. Cl. 389, 391 (2010), a post-award bid protest case, in support of Sergent's request for preliminary injunctive relief. *See* Motion for TRO/PI (ECF No. 6) at 18.

The next day, Friday, August 13, 2021, counsel for the government – without the benefit of a pre-filing notice of a bid protest or a possible TRO/PI motion – expeditiously entered an appearance for the purposes of participating in a status conference, held Monday, August 16, 2021, to address Sergent's motion. ECF Nos. 9, 10. During the status conference, the Court asked whether Sergent was seeking an injunction pursuant to § 1491(b)(2), as asserted in its motion. *See* ECF 6 at 18. Plaintiff's counsel readily conceded that this statutory citation (and apparently the case law citation, as well) was inapposite because the complaint involves only a CDA claim and, accordingly, injunctive relief would have to be proper pursuant to § 1491(a)(2). But, as the Court has explained above, the plain language of § 1491(a)(2) does not authorize this Court to issue injunctive relief in CDA cases, and particularly not preliminary injunctive relief. As noted during the status conference, Sergent's motion was all but frivolous; going forward, the Court expects Plaintiff will be far more diligent in researching and presenting its legal arguments.

Accordingly, Plaintiff's Motion for TRO/PI is **DENIED**.[2]

**IT IS SO ORDERED**.

s/Matthew H. Solomson
Matthew H. Solomson
Judge

[2] Plaintiff attached 37 exhibits to its Motion for TRO/PI, *see* ECF Nos. 5–7, and further moved to file, under seal, an unredacted version of one of those exhibits. ECF No. 8. Because the Court denies Plaintiff's Motion for TRO/PI, the motion to file under seal is **DENIED as MOOT**.