# In the United States Court of Federal Claims

No. 21-1685C

(Filed: April 14, 2022)

**SERGENT'S MECHANICAL SYSTEMS, INC. d/b/a SERGENT CONSTRUCTION,**

***Plaintiff,***

**v.**

**THE UNITED STATES,**

***Defendant.***

*Joel L. Hamner*, Whitcomb, Selinsky, P.C., Denver, CO, for Plaintiff. With him on the briefs was *Jonathan Perrone*.

*Michael D. Snyder*, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for Defendant. With him on the briefs were *Brian M. Boynton*, Acting Assistant Attorney General, Civil Division, *Martin F. Hockey, Jr.*, Acting Director, and *Patricia M. McCarthy*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

***SOLOMSON*, Judge**

On August 12, 2021, Plaintiff, Sergent's Mechanical Systems Inc. d/b/a Sergent Construction ("SMSI"), filed its complaint against Defendant, the United States, acting by and through the United States Department of Veterans Affairs ("VA"). ECF No. 1 ("Compl.") ¶¶ 1, 2. SMSI brings suit pursuant to the Tucker Act, 28 U.S.C. § 1491, as amended by the Contract Disputes Act ("CDA").[1] *Id.* ¶ 12. The now-terminated contract was for "resolv[ing] certain heating, ventilation, and air conditioning ("HVAC") issues" at a VA center in Florida. *Id.* ¶ 15.

[1] Pub. L. No. 95-563, 92 Stat. 2383 (1978) (codified at 41 U.S.C. §§ 7101–7109).

SMSI requests monetary relief in the amount of $719,003.39 as a result of the termination. Alternatively, SMSI seeks $533,154.78 for allegedly unpaid performance costs. Notwithstanding both of the aforementioned sums, SMSI asks for a judgment awarding an additional $142,844.95 in damages due to changes the VA allegedly made to the contract. Compl. at 19. Finally, SMSI requests a declaratory judgment that the VA did not comply with Occupational Health and Safety Act ("OSHA") regulations. SMSI does not request any monetary relief associated with the government's alleged breach of OSHA regulations.

On August 24, 2021, SMSI filed its amended complaint, which largely mimics its predecessor (and reflects apparently only minor corrections). ECF. No. 12 ("Am. Compl."). As in the original complaint, the amended complaint seeks primarily money damages under the premise of a contractual claim and also declaratory judgment that the government breached OSHA regulations. Am. Compl. at 19.

On November 24, 2021, the government filed a partial motion to dismiss pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), requesting that the Court dismiss Count Four of SMSI's amended complaint. ECF. No. 23 ("Def. Mot."). SMSI and the government filed timely response briefs. ECF Nos. 25 ("Pl. Resp."), 27 ("Def. Reply").

For the reasons hereinafter articulated, the motion to dismiss is **GRANTED**.

## I. BACKGROUND

Count One of SMSI's amended complaint alleges that the government improperly terminated its contract with SMSI for default. Am. Compl. ¶¶ 99–106. SMSI blames the government for, among other things, SMSI's performance delays, alleging that they were caused by the government's violation of OSHA regulations. *Id.* ¶ 103.

Count Four of the amended complaint is not for breach of contract — again, that is covered in Count One — but rather is an independent claim for damages based upon the government's alleged violation of a number of OSHA provisions. Am. Compl. ¶¶ 122–24.

The government's motion to dismiss is based on the principle that "this court has no jurisdiction over OSHA claims." Def. Mot. at 2 (citing *Bowling v. United States*, 93 Fed. Cl. 551, 558 (2010)); *see also id.* at 4 ("[T]he law is clear that this Court has no jurisdictional footing under OSHA."). SMSI essentially concedes that this Court lacks jurisdiction to decide OSHA claims, but insists that its claim is contractual, not regulatory. Pl. Resp. at 8–9 ("[SMSI] has *not* brought its claim under the Occupational Safety and Health Act of 1970; rather, [SMSI] brought Count Four under the CDA."

(emphasis added)). According to SMSI, the OSHA regulations are relevant, but only because the parties allegedly incorporated the regulations into the contract. Am. Compl. ¶ 53 ("The Contract incorporated by reference the regulation at 29 C.F.R. § 1926.1101 — Construction Standard for Asbestos, which is promulgated by OSHA."). On that basis, SMSI urges this Court to conclude that it has jurisdiction over Count Four. Pl. Resp. at 5–8.

## II. JURISDICTION AND STANDARD OF REVIEW

The Tucker Act, as amended by the CDA, provides this Court "jurisdiction to render judgment upon any claim by or against, or dispute with, a contractor arising under section 7104(b)(1) of title 41 . . . on which a decision of the contracting officer has been issued under section 6 of that act." 28 U.S.C § 1491(a)(2). "[J]urisdiction thus requires both a valid claim and a contracting officer's final decision on that claim." *M. Maropakis Carpentry, Inc. v. United States*, 609 F.3d 1323, 1327 (Fed Cir. 2010); *see also Sarro & Assocs, Inc. v. United States*, 152 Fed. Cl. 44, 51–52 (2021) (describing this Court's CDA jurisdiction). The plaintiff "has the burden of establishing jurisdiction by a preponderance of the evidence." *Fid. & Guar. Ins. Underwriters, Inc. v. United States*, 805 F.3d 1082, 1087 (Fed. Cir. 2015). In the absence of subject-matter jurisdiction, the Court must dismiss the claim. RCFC 12(h)(3).

The Tucker Act allows for three different types of claims against the government: contractual claims, money-mandating claims, and exaction claims. *Perry v. United States*, 149 Fed. Cl. 1, 9 (2020) (citing *Roth v. United States*, 378 F.3d 1371 (Fed. Cir. 2004)). The Tucker Act itself, however, does not create a substantive cause of action; in order to come within the Tucker Act's jurisdictional reach and its waiver of the United States' sovereign immunity, a plaintiff must identify a separate source of substantive law that creates the right to money damages. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part). With respect to contractual allegations, in particular, "[t]he first subparagraph of the Tucker Act, § 1491(a), contains 'the Tucker Act's general contract claim jurisdiction, which is not limited to only procurement contracts but more broadly to any contract claims.'" *Johnson Lasky Kindelin Architects, Inc. v. United States*, 151 Fed. Cl. 642, 650 (2020) (quoting *San Antonio Hous. Auth. v. United States*, 143 Fed. Cl. 425, 464 (2019)).

When considering a motion to dismiss for lack of subject-matter jurisdiction, the Court assumes all factual, but not legal, allegations in the amended complaint are true. *Bell Atl. Corp. v Twombly*, 550 U.S. 544, 555 (2007); *see also Am. Bankers Ass'n v. United States*, 932 F.3d 1375, 1380 (Fed. Cir. 2019). Furthermore, the Court is tasked with drawing all reasonable inferences in favor of the nonmoving party. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.").

## III. THIS COURT LACKS JURISDICTION OVER COUNT FOUR

### A. The Court Does Not Have Jurisdiction Over OSHA Claims But May Consider Alleged OSHA Violations When Deciding SMSI's Proper CDA Claims

Neither the Tucker Act, nor any other jurisdictional statute, gives this Court jurisdiction to decide SMSI's independent OSHA claims. The OSHA statute and regulations are designed to govern "personal injuries and illnesses arising out of work situations" and "to assure so far as possible every working man and woman in the Nation safe and healthful working conditions." 29 U.S.C. §§ 651(a)–(b).

None of the OSHA provisions upon which SMSI relies may be fairly or properly interpreted as money-mandating, as none of them command the payment of money. *See Perry*, 149 Fed. Cl. at 9 ("With respect to 'money-mandating' claims, in particular, a statute — or other provision of law — creates a right capable of grounding a claim within the waiver of sovereign immunity if, but only if, it 'can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" (quoting *United States v. Mitchell*, 463 U.S. 206, 217 (1983))); Am. Compl. ¶¶ 123–24. Moreover, Count Four is not a contract claim. Rather, Count Four appears to be nothing more than a claim for relief under OSHA. SMSI, in Count Four, alleges OSHA violations generally, but alleges no facts connecting such putative violations to a money-mandating provision of law, an illegal exaction claim, a breach of contract claim, or other proper non-monetary contract remedy. This Court lacks jurisdiction to decide pure APA claims. Thus, in the absence of a proper Tucker Act claim, this Court does not have jurisdiction to decide whether an agency has complied with applicable regulations. *See* Am. Compl. ¶ 6 (seeking a "finding that the VA did fail to comply with applicable OSHA regulations"); *see also id.* at 19 (requesting "a declaratory judgment that the VA did not comply with applicable OSHA regulations"). In the absence of a money-mandating, illegal exaction, contract, or other proper Tucker Act claim, this Court lacks jurisdiction over the cause of action.

Indeed, the Supreme Court of the United States and the United States Court of Appeals for the Federal Circuit have frequently held that when a "'specific and comprehensive scheme for administrative and judicial review' is provided by Congress, the Court of Federal Claims' Tucker Act jurisdiction over the subject matter covered by the scheme is preempted." *Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001) (quoting *St. Vincent's Med. Ctr. v. United States*, 32 F.3d 548, 549–50 (Fed. Cir. 1994)); *see also, e.g.*, *United States v. Bormes*, 568 U.S. 6, 15–16 (2012) (Fair Credit Reporting Act); *United States v. Fausto*, 484 U.S. 439, 453–54 (1988) (Civil Service Reform Act); *Lion Raisins, Inc. v. United States*, 416 F.3d 1356, 1372–73 (Fed. Cir. 2005) (Agricultural Marketing Agreement Act); *Tex. Peanut Farmers v. United States*, 409 F.3d

1370, 1373 (Fed. Cir. 2005) (no Tucker Act jurisdiction over claim for breach of crop insurance contract); *Wilson ex rel. Estate of Wilson v. United States*, 405 F.3d 1002, 1015 (Fed. Cir. 2005) (Social Security Act and Medicare); *see also Massie v. United States*, 166 F.3d 1184, 1188 (Fed. Cir. 1999) ("[A] contract will not fall within the purview of the Tucker Act if Congress has placed jurisdiction over it elsewhere.").

Accordingly, to the extent SMSI generally seeks enforcement of OSHA regulations — even assuming such a claim could qualify as a valid Tucker Act claim — that path does not run through this Court because jurisdiction lies elsewhere. *See* 29 U.S.C. § 660(a) ("Any person adversely affected or aggrieved by an order of the Commission issued under . . . this title may obtain a review of such order in any United States court of appeals for the circuit in which the violation is alleged to have occurred or where the employer has its principal office, or in the Court of Appeals for the District of Columbia Circuit . . . ."); *see also Bowling*, 93 Fed. Cl. at 558 ("OSHA provides a framework for remedies claimed and enforced through the office of the Secretary of Labor. . . . The Secretary of Labor investigates alleged OSHA violations as they are reported.").

That does not mean, however, that the factual allegations contained in Count Four are entirely irrelevant to this case or that SMSI may not seek discovery to support its allegations in Count Four for the purposes of Count One. In the context of Count One, and as noted above, SMSI does not seek relief directly pursuant to OSHA, Pl. Resp. at 8–9, but rather asserts contract claims and remedies well within this Court's jurisdiction. The Court thus concludes that, to the extent SMSI alleges that governmental action (or inaction) in violation of OSHA statutes or regulations also resulted in a contract breach — or otherwise entitles SMSI to compensation under the contract (*e.g.*, under the FAR's Changes Clause, FAR 52.243-1 ("Changes-Fixed Price")) — the Court *does* possess jurisdiction to decide such a claim. *Todd Const., L.P. v. United States*, 656 F.3d 1306, 1314 (Fed. Cir. 2011) ("A contractor's [CDA] claim need not be based on the contract itself (or a regulation that can be read into the contract) as long as it relates to its performance under the contract"); *Hills Materials Co. v. Rice*, 982 F.2d 514, 517 (Fed. Cir. 1992) ("Because by this interpretation the [FAR's] Accident Prevention Clause pointedly shifts responsibility for costs incurred as the result of the revised [OSHA] regulations at [29 C.F.R.] part 1926 to the government, it supersedes the more general language of the [FAR's] Privileges and Responsibilities Clause."); *Acmat Corp. v. Rhode*, 132 F.3d 51 (Fed. Cir. 1997) (unpublished table decision) (affirming, on the merits, the denial of a CDA claim where the contractor "was required to comply with OSHA regulations"); *Elec. Boat Corp. v. Sec'y of Navy*, 958 F.3d 1372, 1376 (Fed. Cir. 2020) (noting that "Electric Boat's injury under the Contract was the enactment of the OSHA Regulation, the compliance with which Electric Boat contends directly increased its costs of performance by more than $125,000 per submarine").

The Court categorically disagrees, in other words, with the government's position that "to the extent that Sergent's contention under Cou[n]t [Four] . . . is also a premise of Count [One] . . . Count [One] should be limited such that [SMSI] is precluded from claiming that the VA violated OSHA . . . ." Def. Reply at 1. On the contrary, the Court will allow Count Four to survive but only to the extent that it provides support for the allegations found in Count One.[2]

Accordingly, to the extent that Count Four requests an independent remedy under OSHA statutory or regulatory provisions, the motion to dismiss Count Four is **GRANTED**.

**B. There Is No Reason for the Court to Grant Declaratory Judgment Because the Only Dispute is Monetary**

SMSI "seeks a declaratory judgment, finding that the VA did fail to comply with applicable OSHA regulations." Am. Compl. ¶ 6; *see also id.* at 19 (requesting that the Court "issue a declaratory judgment that the VA did not comply with applicable OSHA regulations").

Outside of a few exceptions, declaratory relief, as a general matter, is a remedy that is unavailable in this Court. *Alvarado Hosp., LLC v. Price*, 868 F.3d 983, 987 (Fed. Cir. 2017); 28 U.S.C. § 1491(b)(2) (providing for "declaratory and injunctive relief"). A declaratory judgment is available, however, in CDA cases, so long as the declaratory relief claim is "arising under or relating to" the contract. *Todd Constr*., 656 F.3d at 1311 ("The sole dispute here is whether Todd's requested relief — in essence a declaratory judgment that the government's performance evaluations were unfair and inaccurate — 'relat[es] to the contract.' If so, it is a 'claim' under the CDA, and the Claims Court has jurisdiction under the Tucker Act."); *Raytheon Co. v. United States*, 146 Fed. Cl. 469, 474 (2020) (holding that a "request for declaratory relief . . . falls within this Court's [CDA] jurisdiction").

Although the Court has jurisdiction in CDA cases to issue declaratory judgment, the Court must consider whether such relief is appropriate given the circumstances of this case. In particular, declaratory judgment may be granted where "the claim involves a live dispute between the parties" and where "a declaration will resolve that

[2] Paragraph 103(c) of the amended complaint asserts that the government's alleged OSHA violations were the cause of the performance delays and thus the source of the damages SMSI seeks in this case. Am. Compl. ¶ 103(c) (alleging that "delays [were] related to . . . the VA's failure to determine the location of [asbestos containing material]"). Count Four then proceeds to articulate, in far greater detail, the specific OSHA provisions the government allegedly violated. Am. Compl. ¶¶ 122–34. Count Four, however, does not specify any damages beyond the ones claimed in Count One. Therefore, the Court is forced to conclude that the only damages sought by SMSI are those articulated in Count One. Count Four is, at best, nothing more than a subsidiary of Count One.

dispute." *Alliant Techsystems, Inc. v. United States*, 178 F.3d 1260, 1271 (Fed Cir. 1999). In *Alliant*, the question before the Federal Circuit was whether the contractor was required to satisfy an option clause within the contract when the government exercised it notwithstanding the contractor's objection to performing. *Id.* at 1263. In that case, a declaratory judgment was appropriate because there was a need for the court to provide an "early resolution of a legal issue." *Id.* at 1271. In this case, in contrast, there is no need for the resolution of any contract performance issue. The contract has been terminated and the subject of this litigation is simply how much money SMSI is owed, if any, due to an alleged breach of contract (or pursuant to a relief-granting contract provision). In that regard, the Court may have to reach some conclusion about whether the government complied with particular regulatory provisions and, if not, whether the government in effect breached its contract with SMSI or otherwise somehow is responsible for any of SMSI's increased contract costs. But, given the facts alleged in the amended complaint, there is no need for the Court to issue a declaratory judgment — either now, after summary judgment, or after trial. Again, the only thing at stake in this case is money. *See Maryland Enterprise, LLC v. United States*, 93 Fed. Cl. 658, 664–65 (2010) (declining to grant declaratory relief where "contract performance [wa]s not ongoing.").

## ***CONCLUSION***

For the reasons provided herein, the government's motion to dismiss is **GRANTED**. The Court nevertheless elects to use a scalpel instead of a hatchet. Accordingly, although Count Four cannot proceed as an independent cause of action, either for monetary or declaratory relief, the Court views the allegations contained therein as potentially supporting Count One. Thus, in the interest of judicial economy, and rather than requiring SMSI to file yet another revised complaint, the government is directed to answer the complaint as currently drafted, including the factual allegations contained in Count Four, within 14 days of the date of this order.[3]

**IT IS SO ORDERED.**

s/ Matthew H. Solomson
**Matthew H. Solomson**
**Judge**

[3] Consistent with RCFC 12(a)(4)(A)(i), the government committed to answer the complaint within 14 days of this order. Def. Mot. at 1 n.1. The Court expects the government to comply with that deadline.